10-5220-cv
Allen v. Murray-Lazarus

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 21ˢᵗ day of February, two thousand twelve.

Present:
  ROBERT A. KATZMANN,
  DENNY CHIN,
  SUSAN L. CARNEY,
    *Circuit Judges*.
_____

KIRK ALLEN,

  *Plaintiff-Appellant*,

   v.         No. 10-5220-cv

SHERRILL MURRAY-LAZARUS, individually,
RICHARD POWELL, individually,
WAPPINGER CENTRAL SCHOOL DISTRICT,

  *Defendants-Appellees*,

_____

For Plaintiff-Appellant:   MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, N.Y.

For Defendants-Appellees:  JAMES P. DROHAN, Donoghue, Thomas, Auslander & Drohan, LLP, Hopewell Junction, N.Y.

Appeal from the United States District Court for the Southern District of New York (Young, *J.*).[1]

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Kirk Allen ("Allen"), an African-American male, alleges that Defendants-Appellees -- the Wappinger Central School District (the "District"); Sherrill Murray-Lazarus ("Lazarus"), the principal of Roy C. Ketcham High School (the "School"); and Richard Powell ("Powell"), the superintendent of the District (collectively, "defendants") -- terminated him from his job as a math and business teacher at the School because of his race. In granting defendants' motion for summary judgment, the district court held, *inter alia*, that plaintiff had failed to (1) make out a *prima facie* case of discrimination; (2) offer any evidence that Powell was involved in any of the events at issue in the case; or (3) demonstrate that the District had a policy, practice, or custom of discriminating against African American teachers.

On appeal, Allen argues that the district court erred in determining that he had not established a *prima facie* case of discrimination. Specifically, he argues that the district court (a) failed to draw all reasonable inference in favor of the non-movant; (b) erred in concluding that evidence of pretext is not a substitute for establishing a *prima facie* case of discrimination; (c) erred in concluding that Lazarus was entitled to a "same actor" inference; and (d) incorrectly determined that evidence of disparate treatment was required to sustain plaintiff's burden of proof. Allen also challenges the district court's grant of summary judgment with respect to Powell, arguing that a reasonable jury could conclude that Powell was grossly negligent and

_____

[1] The Honorable William G. Young, United States District Judge for the District of Massachusetts, sitting by designation in the Southern District of New York.

2

contributed to policies that were racially discriminatory. We assume the parties' familiarity with the facts and procedural history of this case.

"We review de novo the district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party." *See, e.g.*, *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Nevertheless, the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact for trial." *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998); *see also Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) ("[U]nsupported allegations do not create a material issue of fact.").

We first consider Allen's contention that the district court erred in determining he had not established a *prima facie* case of discrimination with respect to Lazarus. Under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), the plaintiff in an intentional discrimination case bears the initial burden of establishing a *prima facie* case of discrimination. To do so, the plaintiff must demonstrate that: "1) he belonged to a protected class; 2) he was qualified for the position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003). If the plaintiff succeeds in presenting a *prima facie* case, the defendant may rebut that showing by articulating a legitimate, non-discriminatory reason for the employment action. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). "Upon the defendant's articulation of such a non-discriminatory reason for the employment action, the presumption of

3

discrimination arising with the establishment of the *prima facie* case drops from the picture." *Weinstock*, 224 F.3d at 42. At that point, "the burden shifts back to the plaintiff to demonstrate by competent evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 499 (2d Cir. 2009) (internal quotation marks omitted). "However, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.* (internal quotation marks and brackets omitted).

In this case, it is clear that Allen has satisfied the first three elements of his *prima facie* case: (1) he is a member of a protected group; (2) he was qualified for his position; and (3) he suffered an adverse employment action when Lazarus recommended his termination. The district court concluded, however, that Allen had failed to show that the adverse employment action was taken under circumstances giving rise to an inference of unlawful discrimination. *See Allen v. Murray-Lazarus*, 755 F. Supp. 2d 480, 484-86 (S.D.N.Y. 2010). We agree. As an initial matter, the district court properly concluded that the two pieces of evidence offered by Allen to establish the requisite inference of discrimination were insufficient to sustain even his minimal burden of proof. Although Allen asserted that less than 1% of the administrators and faculty employed by the District were African-American while 20-25% of the administrators and faculty employed by the neighboring Poughkeepsie school district were African-American, these statistics were meaningless in the absence of any evidence concerning the relative racial compositions of the populations or teacher applicant pools of the Wappinger Central and Poughkeepsie school districts. *Allen*, 755 F. Supp. 2d at 485. Further, as the district court noted, it would also be unreasonable to impute discriminatory intent to the principal of a single school

based on these district-wide employment statistics. *Id.* Allen also relied on his own testimony that Lazarus criticized Allen's behavior during hall duty and manner of dress at the beginning of the school year, and that Allen did not observe Lazarus criticizing white teachers for acting in a similar way. We agree with the district court, however, that this vague and conclusory testimony was insufficient to sustain Allen's burden of proof. *See, e.g.*, *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) ("Even in the discrimination context, . . . a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment."). Allen provided no evidence that any of this criticism was cast in racially derogatory terms, or that any employee of the District ever mentioned Allen's race. Nor did he provide any circumstantial evidence that the criticism was motivated by his race. Moreover, the alleged criticism occurred only at the beginning of the school year, many months before Lazarus recommended Allen's termination.

Indeed, Allen's central argument on appeal is not that the above evidence was sufficient to establish a *prima facie* case, but rather that "the falsity of the grounds advanced for plaintiff's termination represent circumstances that give rise to an inference of unlawful racial discrimination." Pl.'s Br. 25. In other words, Allen contends that the district court erred as a matter of law in concluding that "evidence of pretext is not a substitute for a showing of prima facie discrimination." 755 F. Supp. 2d at 484 n.4. Allen is incorrect. As the district court aptly noted, the *McDonnell Douglas* burden-shifting analysis is sequential in nature, so evidence of pretext is irrelevant if a plaintiff is unable first to show circumstances giving rise to a plausible inference of discrimination. Although evidence that the employer's proffered reason was false may, under certain circumstances, be sufficient to sustain a plaintiff's ultimate burden of proof *after* a *prima facie* case has been established, *see Reeves v. Sanderson Plumbing Prods., Inc.*,

5

530 U.S. 133, 149 (2000) ("[A] prima facie case *and* sufficient evidence to reject the employer's explanation *may permit* a finding of liability . . . .") (emphasis added), the plaintiff must eventually show by a preponderance of the evidence not only that plaintiff's proferred reasons for the adverse employment action were false, but that they were a pretext *for discrimination*. *See, e.g.*, *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 170 (2d Cir. 2001) ("[Plaintiff] has not offered any evidence that the [defendant's] justifications, even if pretextual, served as a pretext for age discrimination.") (internal quotation marks omitted); *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 104 (2d Cir. 2001) ("If, as plaintiffs contend, the defendants exaggerated or lied about plaintiffs' behavior, the record does not support a finding that they did so to mask race discrimination. No comment or statement made by the defendants had any racial content or overtone."); *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001) ("When a plaintiff seeks to prevent summary judgment on the strength of a discrepancy in qualifications ignored by an employer, that discrepancy must bear the entire burden of allowing a reasonable trier of fact to not only conclude the employer's explanation was pretextual, but that the pretext served to mask unlawful discrimination."); *Norton v. Sam's Club*, 145 F.3d 114, 120 (2d Cir. 1998) (Anti-discrimination law "does not make employers liable for doing stupid or even wicked things; it makes them liable for *discriminating*, for firing people on account of their [race]."). Accordingly, without having first shown that the adverse employment action in question took place under circumstances giving rise to an inference of discrimination, Allen cannot sustain his ultimate burden of proof simply by asserting that the defendants' proferred legitimate reasons for taking the adverse action were false.

None of Allen's remaining arguments alter our conclusion in this regard.  For example, while Allen contends that the district court erred in concluding that Lazarus was entitled to a "same actor" inference and incorrectly determined that evidence of disparate treatment was required to sustain plaintiff's burden of proof, we must reject these arguments for the simple reason that they are premised on a misreading of the district court's opinion.  We therefore conclude that the district court did not err in granting summary judgment with respect to defendant Lazarus.

We turn next to Allen's arguments with respect to Powell and the District.  Having reviewed the record *de novo*, we affirm the district court's conclusions that:  (1) Allen presented no evidence that Powell was engaged in any racial discrimination or was grossly negligent in managing Lazarus, *see, e.g.*, *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996) (holding that a defendant in a § 1983 action may not be held liable for constitutional violations merely because he held a high position of authority, but rather only because of his "direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates"); and (2) Allen presented no evidence that the District had a policy, practice, or custom of discriminating against African American teachers, and that such a policy caused his termination, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

We have considered Allen's remaining arguments and find them to be without merit.  For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7